UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH HICKS                                                                                    Plaintiff

v.                                                              Civil Action No. 3:19-CV-775-RGJ

MARK BEGOR, *et al.*                                                                          Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Hicks, *pro se* and *in forma pauperis*, brought this action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the action will be dismissed in part and allowed to continue in part.

## I. STATEMENT OF CLAIMS

Plaintiff brings this action against Mark Begor and Equifax Information Services, LLC. He indicates that he brings this case on the basis of diversity jurisdiction for fraud under Ky. Rev. Stat. § 355.2-721.[1] He states that he is a resident of Kentucky and that "Defendants operate out of Georgia and in every State." Plaintiff seeks monetary relief in excess of $75,000.

Plaintiff states that the origin of his claims was in June 2015 when Defendant Equifax repeatedly refused to honor his requests for his own credit report. He brings three claims: (1) fraud by misrepresentation having to do with wire and mail fraud; (2) fraud by misrepresentation

---

[1] Ky. Rev. Stat. § 355.2-721 states *in toto*:

> Remedies for material misrepresentation or fraud include all remedies available under this article for nonfraudulent breach. Neither rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy.

as intentionally false credit report (which he states "is not made under the [Fair Credit Reporting Act]"); and (3) fraud on the court; spoliation; tampering.

The complaint refers to a previous case he filed, *Hicks v. Smith et al.*, No. 3:17-CV-251. Defendants in that Fair Credit Reporting Act case are Richard E. Smith and Equifax Credit Service. That case also concerns his June 2015 request to Equifax for an Equifax consumer disclosure. His Fair Credit Reporting Act claims under 15 U.S.C. §§ 1681g and 1681i(a)(6) in that case are still pending.

In the complaint of this case, Plaintiff states that he tried to amend his 2017 case against Equifax with "claims of Fraud, after obtaining a piece of intrinsic evidence by subpoena in November of 2018." However, "[t]he Court denied entry of any more amendments as the deadline for amending had passed. At no time did the Court ever adjudicate, discuss or dismiss any claims of Fraud. Plaintiff files a separate Complaint concerning the Fraud claims."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

On initial review, the Court will allow the state-law diversity jurisdiction claims in claims (1) and (2) of the complaint to proceed.

However, Plaintiff's claim (3) regarding alleged fraud on the Court by spoliation and evidence tampering in his previously filed case, No. 3:17-cv-251, will be dismissed. With regard to his claim related to spoliation and tampering, he alleges:

2

> Defendants violated the Rules of Evidence and Rules of Discovery, by both destroying intrinsic evidence, and tampering with and forging documents concerning intrinsic evidence, entered in a case under Discovery Rules. All done in an effort to deceive the Court and the Plaintiff, and to impede prosecution and impede discovery of the truth.

Plaintiff cites to the Federal Rules of Evidence and "Discovery Rules" as grounds for bringing this claim. However, neither the Federal Rules of Evidence nor the discovery rules in the Federal Rules of Civil Procedure provide a jurisdictional basis for filing a separate legal action. *See, e.g.*, *In re Madison Guar. Sav. & Loan Ass'n*, 173 F.3d 866, 869 (D.C. Cir. 1999) ("We know of no authority, and indeed perceive no logic, that would support the proposition that the Rules of Evidence create any cause of action or ever provide standing."); *Eaves v. Walker*, No. CV 17-886, 2017 WL 5514310, at *3 (W.D. Pa. Nov. 6, 2017) ("[T]he Federal Rules of Evidence provide no private cause of action."), *report and recommendation adopted*, No. CV 17-886, 2017 WL 5499964 (W.D. Pa. Nov. 16, 2017). Instead, Plaintiff may seek sanctions against Defendants or their counsel in that case for alleged violations of the duties imposed by Federal Rule of Civil Procedure 11. *See Konits v. Karahalis*, 409 F. App'x 418, 424 (2d Cir. 2011); *see also Barr Labs., Inc. v. Abbott Labs.*, 867 F.2d 743, 748 (2d Cir. 1989) ("[A]pplications for Rule 11 sanctions must be made in the court where the offending papers are filed, since the abusive conduct is determined as of the time of filing."), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim (3) set forth in the complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** as follows:

(1) The Clerk of Court shall issue summonses and the United States Marshal shall serve a copy of the complaint (DN 1), summons, and this Order on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(2).

(2) The parties shall serve upon each party, or counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(3) Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* Local Rule 5.2(e).

(4) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court **may result in a dismissal of this case**.

(5) The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the *Pro Se* **Handbook for Non-Prisoners**.

(6) This matter is referred to Magistrate Judge Colin H. Lindsay pursuant to 28 U.S.C. § 636(b)(1)(A) for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters, including discovery issues. Magistrate Judge Lindsay is further authorized to conduct one or more settlement conferences in this matter.

Date:

cc: Plaintiff, *pro se*
     Defendants
     MJ Lindsay
A961.009