UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH HICKS                                                                                                     Plaintiff

v.                                                                                         Civil Action No. 3:19-cv-00775

MARK BEGOR and EQUIFAX                                                                                  Defendants
INFORMATION SERVICES, LLC

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant Equifax Information Services, LLC ("Equifax") moves to dismiss Plaintiff Joseph Hicks's ("Hicks") Complaint, [DE 9], and Hicks moves for leave to amend his Complaint. [DE 14]. Hicks responded to Equifax's motion to dismiss, [DE 12], and Equifax replied. [DE 13]. Equifax responded to Hicks's motion to amend, [DE 15], and Hicks filed a motion for leave to reply with his reply attached as Exhibit 1, [DE 16, DE 16-1]. Briefing is complete and the matter is ripe. For the reasons below, Hicks's Motion for Leave to Reply [DE 16] is **GRANTED**, [1] Hick's Motion to Amend [DE 14] is **DENIED**, and Equifax's Motion to Dismiss [DE 9] is **GRANTED**.

## I.       BACKGROUND

Hicks brings this action *pro se* and *in forma pauperis* against Defendants Mark Begor ("Begor") and Equifax. [DE 7 at 59]. The claims arise out of Hicks's attempts to obtain a credit report from Equifax in 2015 and 2017, Hicks's mail communications with Equifax in attempts to obtain such reports, and a 2017 Equifax data breach. [DE 1 at 4-5]. Hicks also claims that in 2019, Equifax impermissibly failed to put a fraud alert on his credit report. [DE 1 at 12] ("Fraud Alert" claim). The Court previously dismissed Count 3 of Hicks's Complaint which alleged

---

[1] DE 16-1 is considered filed as the Reply to DE 9 and the Court has considered this reply in its determination of this Memorandum Opinion and Order.

fraud on the Court in a separate case brought by Hicks against Equifax (Case No. 3:17-cv-251; "*Hicks I*"). [DE 7 at 60]. Hicks sues Begor in his individual capacity because "it is the Plaintiffs [sic] right to challenge the one in charge of Equifax." [DE 1 at 10]. Hicks does not provide any facts or theories connecting Begor to the alleged harm, except for noting that Begor was aware of the Equifax data breach prior to taking his position as Equifax's CEO, and that Begor spoke before Congress about the data breach. [DE 1 at 10].

In *Hicks I*, Hicks sued Equifax and its former CEO Richard Smith "alleging negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), the Gramm Leach Bliley Act ("GLBA"), and [Hicks's] right to privacy under Kentucky law." [*Hicks I*, DE 145 at 971]. After over three years of litigation and more than 150 filed docket entries, the *Hicks I* Court granted summary judgment to Equifax, [DE 145 at 988], and granted Richard Smith's motion to dismiss for failure to state a claim. [*Hicks I*, DE 146 at 991-93]. Ultimately, the *Hicks I* Court entered judgment for the defendants. [*Hicks I*, DE 147 at 995].

Before final disposition and entry of judgment in *Hicks I*, but while litigation in that matter was ongoing, Hicks commenced the present suit. [DE 1]. In the remaining counts of the Complaint, Hicks claims two counts of fraud by misrepresentation. [*Id.* at 1]. Hicks details the factual basis for his claims in several pages that reference various FCRA provisions. [*See id.* at 2-5]. Equifax moved to dismiss Hick's complaint "because (1) Plaintiff's claims against Equifax in this case are duplicative of his claims against Equifax in" *Hicks I*, "and (2) Plaintiff's Complaint otherwise fails to state a claim against Equifax." [DE 9 at 69]. Equifax also argues that "Mr. Begor has not been served with process and [Hicks]'s attempt to include [Begor] in this case is a continuation of [Hicks's] pattern of harassing Equifax's CEOs" that warrants dismissal of "[a]ll claims against Mr. Begor." [DE 9-1 at 76]. Hicks opposes Equifax's motion and moves

for leave to amend his complaint with additional claims under the FCRA, 15 U.S.C. § 1681c-1 and § 1681e. [DE 14 at 117, 120]. Equifax objects to amendment, arguing futility. [DE 15 at 134].

## II. DISCUSSION

### A. Motion to Amend [DE 14]

Hicks moves for leave to file an Amended Complaint. [DE 14]. Though he does not provide an Amended Complaint, his Motion to Amend contains the additions Hicks seeks to add to his Complaint. [*See id.*].

*1. Standard for Amendment*

Federal Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010)

(citing *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir.1988)). If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 Fed. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

*2. Analysis*

Hicks seeks to add a "renewed claim" under 15 U.S.C. § 1681e as well as a Fraud Alert claim under 15 U.S.C. § 1681c-1. [DE 14at 117, 120]. As noted by Equifax, Hicks's "Motion to Amend does not address his fraud claims in his original Complaint in this matter," however there is no mention that Hicks intends to voluntarily dismiss these claims. [DE 15 at 133 n.1].

Equifax argues that Hicks's motion for leave to amend is futile. [DE 15 at 134]. But Equifax does not argue undue delay, bad faith, or dilatory motive, and the Court finds no evidence of those factors. *See Brumbalough*, 427 F.3d at 1001. Thus, in ruling on Hicks's motion for leave to amend, the Court's analysis will be limited to whether amendment is futile. Because the standard for futility mirrors the review applied in motions to dismiss, the Court will address Hicks's amended allegations as if included in Hicks's Complaint. *See Saunders v. Ford Motor Co.*, No. 3:14-cv-00594-JHM, 2015 WL 1980215 at *4 (W.D. Ky. May 1, 2015) (addressing plaintiff's amended allegations as if included in first complaint); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)) ("A motion for leave to amend may be denied for

4

futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss'").

First, Hicks seeks to add a claim under 15 U.S.C. § 1681e, which Hicks refers to as a "renewed claim." [DE 14 at 117]. The *Hicks I* Court already considered and dismissed Hicks's 15 U.S.C. § 1681e claim. [*Hicks I*, DE 79 at 615-17]. As a result, such an amendment would be futile because, as outlined below,[2] Hicks is precluded from reasserting claims or issues already litigated in *Hicks I*.

Second, Hicks seeks to add a claim under 15 U.S.C. § 1681c-1. [DE 14 at 120]. This claim is identical to one already included in Hicks's original Complaint. [*Compare* DE 14 at 120 *with* DE 1 at 12].[3] Consequently, amending the Complaint with this claim is futile as it already exists.

Finally, Hicks seeks to amend the monetary damage amount he is claiming in this matter. [DE 14 at 120-21]. He claims an additional $500,000 stemming from the Equifax data breach based on an allegation that the files lost during the 2017 Equifax data breach are now in the hands of "the Communist Chinese [who] will use this information to harm any American in any way they can." [*Id.* at 121]. Because Hicks does not offer any legal theory to support his damages amendment, nor any additional facts justifying such an amendment, it is futile.

As addition of these claims is futile, Hick's Motion to Amend [DE 14] is **DENIED**.

## B. Motion to Dismiss [DE 9]

Having considered Hicks's Motion to Amend, the Court now turns to Equifax's Motion to Dismiss. [DE 9].

---

[2] *Infra* Section III.B.1.
[3] Though Hicks titled this claim "ADDENDUM TO COMPLAINT," the claim appears in the body of the Complaint before the Damages section. The claim is thus already a part of the present suit. [DE 1 at 12].

*1.     Standard for Dismissal*

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).  "But the district court need not accept a bare assertion of legal conclusions."  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief."  *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 Fed. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

    2.    *Analysis*

Equifax "moves to dismiss Plaintiff's Complaint because (1) Plaintiff's claims against Equifax in this case are duplicative of his claims against Equifax in another case he filed against Equifax in this Court, [*Hicks I*], and (2) Plaintiff's Complaint otherwise fails to state a claim against Equifax." [DE 9 at 69].

    a.  <u>Claim Splitting and Claim Preclusion</u>

Equifax argues that Hicks's claims in this lawsuit arise from the same set of operative facts as *Hicks I*, and that his fraud claims were dismissed in *Hicks I*. [DE 9-1 at 78-9]. Equifax

therefore argues that Hicks's claims in this lawsuit are impermissibly duplicative and should be dismissed as a matter of law. [*Id.*]. Hicks responds in opposition by identifying the specific subsections of the FCRA which he presented claims under in *Hicks I*, and makes much of what he terms "newly-obtained intrinsic evidence," or evidence provided to him as part of the discovery in *Hicks I*. [DE 12 at 98].

Equifax makes arguments under a theory of claim splitting and duplicative litigation because when Equifax moved to dismiss, the *Hicks I* litigation had not reached final judgment. [*See* DE 9-1 at 76]. Since then, the Court in *Hicks I* has issued a final judgment. [See Hicks I, DE 145 (granting Equifax's motion for summary judgment), 146 (granting Defendant Smith's motion to dismiss), 147 (judgment in favor of Defendants)]. The analysis for claim splitting and claim preclusion are virtually identical except for the requirement of final judgment. *See Waad v. Farmers Ins. Exch.*, 762 Fed. App'x 256, 260 (6th Cir. 2019). The Court will analyze Equifax's arguments under a theory of claim preclusion, and does not require additional briefing because of the near identical analyses.

"[A] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) (citing Restatement of Judgments (Second) § 24 (1982)). "The filing of multiple federal actions arising out of the same facts is strongly discouraged, and plaintiffs take such a course at the peril that the adjudication of one case will have preclusive effect on the other." *Twaddle v. Diem*, 200 Fed. Appx. 435 at 439 (6th Cir. 2006). "Claim-splitting and duplicative litigation are variations of res judicata." *Waad*, 762 Fed. App'x at 260.

Claim preclusion bars "repetitious actions" when three elements are met: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes

of action; and (3) the prior action must have been decided on the merits." *Miller*, 361 S.W.3d at 872.

As to the identity of the parties, Hicks and Equifax were both parties to *Hicks I* and are both parties now.[4] Hicks does not dispute the identity of the parties between the two actions. [*See* DE 12]. Hicks primarily opposes the second factor, identity of the two causes of action, because he argues that "there is a completely different set of facts" in this matter, and because "there were no fraud claims filed in the previous case, and no fraud claims were dismissed in the previous case." [DE 12 at 97-8].

The *Hicks I* Court identified Hicks's claims in that suit as follows:

> Hicks asserts violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*; the Gramm Leach Bliley Act (GLBA), 15 U.S.C. § 6801-6809; and his right to privacy under Kentucky law. The majority of his claims arise from Equifax's alleged failure to send him his credit report. However, Hicks also alleges that the report Equifax supplied to Cabela's 'was false and defamatory,' and that after receiving notice from the SSA concerning the benefits-overpayment dispute, Equifax did not correct his credit report. Additionally, two of Hicks's claims invoke the 2017 Equifax data breach.

[*Hicks I*, DE 79 at 65] (internal citations omitted). The present suit similarly arises from Hicks's right to privacy, [DE 1 at 7], Equifax's alleged failure to send Hicks his credit report, [*Id.* at 2-3], Hicks's allegation that the report Equifax sold to Cabela's was false, [*Id.* at 1, 14], and the 2017 Equifax data breach. [*Id.* at 6; DE 14 at 120-21]. Hicks sought to distinguish his claims in this suit from those in *Hicks I* by reframing some of the issues, [*see, e.g.,* DE 1 at 1 "This claim is not made under the FCRA"; DE 12 at 95 "There is no mention of any claim of 'fraud' of any type" in *Hicks I*], however, the Court must "look[ ] beyond the legal theories asserted to see if the two claims stem from the same underlying circumstances." *Preferred Auto. Sales, Inc. v. DCFS*

---

[4] There is an additional named party in both *Hicks I* (Mr. Richard Smith) and this suit (Mr. Mark Begor). Yet as explained below, *infra* Section III.B.2.i., they are the improperly joined former and current CEOs of Equifax, respectively. [*See* DE 9-1 at 76 n.3; *Hicks I*, DE 146 at 993]. For purposes of the claim preclusion analysis, the Court will consider only Hicks's claims against Equifax.

*United States, LLC*, 625 F. Supp. 2d 459, 462-63 (E.D. Ky. 2009) (quoting *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 813 (W.D. Ky. 2003) (internal quotations omitted). "Identity of claims means 'an identity of the facts and events creating the right of action and the evidence necessary to sustain each action.'" *Dover v. United States*, 367 Fed. App'x 651, 654 (6th Cir. 2010) (quoting *Sanders Confectionary Prods. V. Heller Fin. Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)). A comparison of the circumstances in *Hicks I* with this matter is instructive.

Both matters stem from Hicks's attempts to obtain his credit report from Equifax in 2015 and 2017. [*Compare Hicks I*, DE 26-1 at 132, 140 *with* DE 1 at 2]. Both matters also concern allegedly false statements included on Hicks's credit report that Equifax sent to Cabela's.[5] [*Compare Hicks I*, DE 26-1 at 139 *with* DE 1 at 3]. Hicks's dismissed claim in this matter, [*see* DE 7 at 61], stemmed from his retroactive attempts in *Hicks I* to obtain his 2015 and 2017 credit reports. [*Compare* DE 1 at 10 *with Hicks I*, DE 79 at 614; *Hicks I*, DE 145 at 985-85]. Both matters involve claims stemming from identity theft that allegedly resulted from the Equifax data breach. [*Compare* DE 1 at 13 *with Hicks I*, DE 66 at 451]. In both matters, Hicks disputes the validity of Equifax's security questions, and whether Equifax was entitled to ask him for more or different identifying information before sending him his credit report. [*Compare* DE 1 at 4-5 *with Hicks I*, DE 26-1 at 135, 140]. Many exhibits filed in both suits, including copies of the communications on which many of Hicks's claims are based, are identical. [*Compare* DE 1-1 at

---

[5] Hicks argues that he did not bring a claim about this report's allegedly fraudulent statements in *Hicks I* because he was unaware of such statements until litigation in *Hicks I* was already underway. [*See* DE 12 at 94 "No claim of Fraud by Misrepresentation could have been filed by the Plaintiff until Exhibit J was recovered"; "No judge could have dismissed a claim that has not been made."]. However, the statements Hicks alleges to be fraudulent here, [*see* DE 1 at 8 "Serious delinquency . . . Too few accounts currently paid as agreed . . . Too many accounts recently opened . . . Bal/Credit limit too high on revolving accounts."], were included in his Amended Complaint in *Hicks I*. [*See Hicks I*, DE 26-1 at 139 "Serious delinquency; Too few accounts paid as agreed; Too many accounts recently opened; Proportion of balances to credit limits is too high on bank revolving or other revolving accounts."; *see also id.* at 134 "All information on this report was false and defamatory."].

20 *with Hicks I*, DE 26-2 at 150; DE 1-1 at 21 *with Hicks I*, DE 26-2 at 152; DE 1-1 at 22 *with Hicks I*, DE 26-2 at 53; DE 1-1 at 23 *with Hicks I*, DE 26-2 at 156; DE 1-1 at 27 *with Hicks I*, DE 26-2 at 157]. The sole claim in this suit that stems from different facts, a different right of action, and different evidence than *Hicks I* is Hicks's Fraud Alert claim. [*See* DE 1 at 12]. As discussed below, *infra* Section B.2.ii., Hicks's Fraud Alert claim fails to state a claim as a matter of law, so the Court need not also analyze it under the claim preclusion framework.

Finally, *Hicks I* was brought to final judgment. [*Hicks I*, DE 147]. The *Hicks I* Court considered the merits of each of Hicks's claims against Equifax and granted summary judgment to Equifax. [*See Hicks I*, DE 145]. The *Hicks I* Court also considered all of Hicks's claims against Mr. Richard Smith and dismissed those claims under Fed. R. Civ. P. 12(b)(6). [*See Hicks I*, DE 146]. Consequently, the final factor of the claim preclusion analysis is met in this matter.

This is a suit between the same parties as *Hicks I*, involving the same issues, and based on claims that were the subject of the final judgment in *Hicks I*, so the Court will afford *Hicks I* a preclusive effect under the doctrine of claim preclusion. As a result, except as to Hicks's Fraud Alert claim (considered below), Equifax's motion to dismiss [DE 9] is **GRANTED** as to Hicks's claims against Equifax.

### b. Failure to State a Claim

The Court now turns to analyze Hicks's remaining claims—his claims against Begor and his Fraud Alert claim—to determine whether they state a cognizable claim even under the more lenient standard applied to a *pro se* plaintiff.

11

i. Claims Against Begor[6]

Hicks presents his claims against Begor in one paragraph of his Complaint:

> Mr. Begor, the current C.E.O. of Equifax, took that position knowing full-well the involvement of Equifax in the Breach of 2017, and the problems with the loss of 'dispute portal' documents. He is paid to make the decisions that lead directly to these situations continuing or doing something to resolve the problems and prevent such problems in the future. He is also the decision maker concerning resolving the problems he signed on to oversee. He has chosen to not resolve any issues, and that is his choice, it is the Plaintiffs right to challenge the one in charge of Equifax. Mr [sic] Begor spoke before Congress, on February 26, 2019, as the head of Equifax, and he himself refused to give to the public his D.O.B, [sic] address, and Social Security number, for fear that it would cause him harm in the future. Well, Mr Begor, welcome to the world that Equifax has created for the rest of us.

[DE 1 at 10]. Even taken as true, Hicks's allegations do not establish nor suggest that Begor is personally liable for any of Hicks's claims. As noted by the *Hicks I* Court (while analyzing Hicks's claims against Richard Smith), "[a]n individual defendant, . . . cannot be held liable under the FCRA solely because he is the chief executive officer for the corporate defendant without allegations that the individual participated personally." [*See Hicks I*, DE 146 at 993] (citing *Hahn v. Star Bank*, 190 F.3d 708, 714 (6th Cir. 1999)). Hicks does not provide any facts that suggest that Begor was personally involved with, let alone liable for, the events giving rise to any of Hicks's claims. [*See* DE 1]. As a result, "the FCRA claims against him must be dismissed for failure to state a claim upon which relief can be granted." [*Hicks I*, DE 146 at 993] (citing *Fierneno v. Radner Law Grp., PLLC*, No. 2:13-CV-10135, 2016 WL 5899762, at *6 (E.D. Mich. Sept. 28, 2016); *Sloan v. Trans Union, LLC*, No. 10-10356, 2010 WL 1949621, at

---

[6] Though Equifax argues that Hicks's claims against Begor should be dismissed because he "has not been served with process," [DE 9-1 at 76], "the Court will focus on" whether the claims against Begor "must be dismissed for failure to state a claim upon which relief may be granted. This is so because, . . . . if in fact Hicks fails to state a claim upon which relief may be granted against Defendant [Begor], no further government resources should be expended to perfect service." [*Hicks I*, DE 146 at 991-91].

12

*2 (E.D. Mich. Apr. 22, 2010)). As a result, Hicks's claims against Begor are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

### ii. Fraud Alert Claim

As to Hicks's Fraud Alert claim brought under 15 U.S.C. § 1681c-1, Hicks claims that he "contacted Equifax on May 10, 2019 to obtain a 'fraud alert' and have such an alert issued on his credit report" and request a copy of his credit report reflecting the same. [DE 1 at 12]. In response to this request, "Equifax demand[ed] th[at Hicks] send a photocopy of his driver's license and Social Security card and other identification documents. Now, Equifax demands an enlarged photocopy." [DE 16-1 at 140].

Under 15 U.S.C. § 1681c-1, a consumer may directly request that a consumer reporting agency "include a fraud alert on the file of that consumer" for at least one year, and "may request a free copy of [their] file." The consumer reporting agency's fraud alert obligations under 15 U.S.C. § 1681c-1 are triggered when the agency receives a request from a consumer "and has received appropriate proof of the identity of the requester." As a result, the plain language of 15 U.S.C. § 1681c-1 entitles a consumer reporting agency to require adequate proof of a requester's identity before their obligations under that provision are triggered. According to Hicks, he requested a fraud alert and accompanying copy of his file, [DE 1 at 12], and prior to performing its 15 U.S.C. § 1681c-1 obligations, Equifax requested adequate copies of Hicks's identifying documents. [DE 16-1 at 140]. Adopting Hicks's allegations as true, Equifax's obligation under the statute was not triggered because Hicks did not provide identifying documents, and thus Hicks has failed to present a claim that Equifax violated the provisions of 15 U.S.C. § 1681c-1. As a result, Equifax's motion to dismiss [DE 9] is **GRANTED** as to Hicks's Fraud Alert claim.

## CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Hicks's motion to amend [DE 14] is **DENIED** in part for futility and in part as moot.

(2) Hicks's motion for leave to file a Reply [DE 16] is **GRANTED** and considered filed of record.

(3) Equifax's motion to dismiss [DE 9] is **GRANTED**.